UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JOHN HANSEN,

        Petitioner,         Case No. 1:14-cv-124

v.        Honorable Paul L. Maloney

DEWAYNE BURTON,

        Respondent.
_____/

# ORDER

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion to stay the action pending exhaustion of unexhausted claims in state court (docket #2).

Petitioner Jeffery John Hansen is serving multiple sentences for convictions entered in 2010 in the Kent County Circuit Court. In two cases that were consolidated for trial and subsequent proceedings, Petitioner was convicted of possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4); using a computer to commit a crime, Mich. Comp. Laws §§ 752.796(1), 752.797(3)(d); and two counts of first-degree criminal sexual conduct (victim under 13 years of age), Mich. Comp. Laws § 750.520b(1)(a). Petitioner appealed his convictions to the Michigan Court of Appeals and then to the Michigan Supreme Court. The Michigan Court of Appeals affirmed the judgments of conviction and sentence on June 12, 2012, and the Michigan Supreme Court subsequently denied leave to appeal on November 20, 2012.

Petitioner challenges the foregoing convictions in the instant action, raising the following grounds for relief:

    I.    DOES FUNDAMENTAL FAIRNESS AND DUE PROCESS OF LAW

|      | PROHIBIT JOIN[D]ER OF TWO DISTINCT AN[D] SEPARATE CHARGES INVOLVING COMPLETELY DIFFERENT ACTS ON SEPARATE DATES? |
| ---- | ---- |
| II.  | DID IMPROPER OTHER ACTS AND INADMISSIBLE OPINION TESTIMONY DENY DEFENDANT A RIGHT TO A FAIR TRIAL? |
| III. | INSUFFICIENCY OF EVIDENCE ON THE CRIME OF POSSESSION OF CHILD SEXUALLY ABUSIVE MATERIAL. |
| IV.  | DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL[.] |
| V.   | [INEFFECTIVE ASSISTANCE OF COUNSEL WHERE] DEFENDANT REQUESTED AND PAID [FOR] A LIE DETECTOR TEST, AND INSTEAD OF HIS LAWYER ABIDING BY HIS ENTITLEMENTS UNDER STATUTE SHE ABANDONED DEFENDANT AND DID NOT ARRANGE FOR THE POLYGRAPH TEST THAT WOULD HAVE CAUSED TERMINATION OF THE PROSECUTION AS MICHIGAN CASE LAW ENTITLES. |

(Pet., docket #1, Page ID##6, 7, 9-11.) Petitioner asserts that the aforementioned issues were raised in state court in connection with his appeal.

In his motion for a stay, Petitioner contends that he intends to assert several new issues in state court that have not been exhausted as required by 28 U.S.C. § 2254(b)(1). Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513

U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Specifically, Petitioner intends to assert several issues regarding the ineffective assistance of his trial counsel and one issue regarding the fact that two of his charges were "dismissed" at sentencing, but then he was sentenced for two new charges without a new trial. (*See* Mot. for Stay, docket #2, Page ID##21-24.) Also, he contends in ground III of the petition that his conviction is unconstitutional because the conduct leading to his conviction for possession of child sexually abusive material was "decriminalized" by the Michigan Supreme Court in 2010, while his case was "on direct review." (*See* Pet., docket #1, Page ID#9.) Thus, it appears that the latter issue also is not exhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). According to his application, Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust any unexhausted claims, Petitioner must raise them in a motion for relief from judgment filed in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that

decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

When a petition raises some claims that are exhausted and some that are not, it is considered "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on November 20, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is

counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, February 18, 2013. Accordingly, Petitioner had one year, until February 18, 2014, in which to file his habeas petition. Petitioner filed on February 3, 2014,[1] approximately 15 days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust before filing the habeas corpus petition, if the petitioner's unexhausted claims are not

---

[1] According to the petition, February 3, 2014, is the date that Petitioner placed his application in the prison mailing system. (Pet., docket #1, Page ID#15.) Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

"plainly meritless," and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

As cause for failure to exhaust, Petitioner asserts that he has "psychiatric problems" and that he has been in the mental health residential treatment program in prison since December 2011. (Mot., docket #26, Page ID#26.) He also asserts that he lacks knowledge of the law, and that he had to seek the assistance of another prisoner in preparing his petition. Moreover, it does not appear that he has engaged in intentionally dilatory litigation tactics or that his unexhausted claims are plainly meritless. Consequently, the Court concludes that a stay is warranted. Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay (docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the date of this order in which to file a motion for relief from judgment in the Kent County Circuit Court setting forth any unexhausted claims that he intends to pursue in his habeas petition.

**IT IS FURTHER ORDERED** that Petitioner's action is hereby stayed until he files a motion to amend his petition to include any subsequently exhausted claims. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

**IT IS FURTHER ORDERED** that Petitioner shall advise the Court of any change of address occurring during the pendency of the stay.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.


Dated:   February 28, 2014             /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge